UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DYLAN SCOTT CORRAL,<br><br>               Petitioner,<br><br>     v.<br><br>WARDEN, FOLSOM STATE PRISON,<br><br>               Respondent. | No.  2:14-cv-3007 KJN P<br><br><br>ORDER |

Petitioner is a state prisoner, proceeding without counsel, with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner consented to proceed before the undersigned for all purposes.  See 28 U.S.C. § 636(c).  This action is proceeding on the original petition filed December 31, 2014, raising only exhausted claims.  On February 27, 2015, petitioner filed a request to submit two additional grounds for relief that he has not exhausted through the state courts.  On March 16, 2015, respondent filed a motion for extension of time to file a responsive pleading.

Rule 15(a)(1) of the Federal Rules of Civil Procedure provides that:

> A party may amend its pleading once as a matter of course within:
>
>   (A) 21 days after serving it, or
>
>   (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

1

Id. Because respondent has not yet filed a responsive pleading, petitioner may file an amended petition. However, petitioner does not address whether he intends to return to state court to exhaust his two new proposed grounds for relief. If petitioner seeks to stay consideration of the petition while he exhausts the proposed grounds for relief in state court, he must file a motion for stay and abeyance.

A district court may stay a habeas petition and hold it in abeyance pursuant to either Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), abrogated on other grounds by Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007), or Rhines v. Weber, 544 U.S. 269 (1995). See King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009). Kelly and Rhines set out different procedures and impose different requirements for obtaining a stay. Under Kelly, a district court may stay a petition containing only exhausted claims while allowing the petitioner to proceed to state court to exhaust additional claims. King, 564 F.3d at 1135 (citing Kelly, 315 F.3d at 1070-71). Once the additional claims have been exhausted, the petitioner may amend his petition to add them to the original petition, provided, of course, the new claims are not time-barred (because a stay pursuant to Kelly does not toll the federal limitations period with respect to the unexhausted claims). King, 564 F.3d at 1135, 1140-41. A district court may also deny a request for a stay under Kelly if the new claims cannot be added to the existing habeas petition after they are exhausted in state court due to the time-bar. King, 564 F.3d at 1141. An amendment of a habeas petition relates back to the original filing date for statute of limitations purposes only if it shares a "common core of operative facts" with the original claim. Mayle v. Felix, 545 U.S. 644, 664 (2005). Thus, the Kelly procedure is "not only a more cumbersome procedure for petitioners, but also a riskier one." Kelly, 564 F.3d at 1140.

Under Rhines, a district court may stay a mixed petition to allow a petitioner to present an unexhausted claim to the state courts. Rhines, 544 U.S. at 277. Such a stay "eliminates entirely any limitations issue with regard to the originally unexhausted claims, as the claims remain pending in federal court[.]" King, 564 F.3d at 1140. However, to qualify for a stay under Rhines, a petitioner must: (1) show good cause for his failure to exhaust all his claims before filing this action; (2) explain and demonstrate how his unexhausted claim is potentially meritorious; (3)

2

describe the status of any pending state court proceedings on his unexhausted claim; and (4) explain how he has diligently pursued his unexhausted claim. Rhines, 544 U.S. at 277-78. The Kelly procedure, which has remained available after Rhines, does not require a showing of good cause. King, 564 F.3d at 1140.

Here, the petition is not a mixed petition, and therefore Rhines does not apply unless the court grants petitioner leave to amend to add his unexhausted claims. Moreover, petitioner's request concedes that he has not exhausted the proposed new grounds in the state courts, and fails to address the issue of good cause for his failure to do so, or the remaining Rhines elements.

Accordingly, petitioner's motion is denied without prejudice to its renewal. Petitioner is granted thirty days in which to (a) file a motion to amend, accompanied by his proposed amended petition, and a motion for stay under Rhines, fully briefing the four elements of Rhines; or, (b) file a motion for stay under Kelly.[1] Respondent's request for an extension of time to file a responsive pleading is granted. Respondent is relieved of the obligation to file a responsive pleading pending further order of the court. Briefing on petitioner's motion to amend or motion for stay is governed by Local Rule 230(l); respondent shall file an opposition within twenty-one days from the filing of petitioner's motion. Petitioner's reply shall be filed seven days thereafter.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion (ECF No. 7) is denied without prejudice;

2. Respondent's motion (ECF No. 8) is granted; respondent is relieved of the obligation to file a responsive pleading pending further order of the court;

3. Within thirty days from the date of this order, petitioner shall file a motion to amend and for stay under Rhines, or a motion for stay under Kelly, as set forth above; respondent's

////

////

---

[1] Petitioner is reminded that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court. In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. 28 U.S.C. § 2244(d).

opposition shall be filed twenty-one days thereafter; and petitioner's reply shall be filed seven days after respondent's opposition.

Dated: March 18, 2015

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/corr3007.fb.stay