UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DYLAN SCOTT CORRAL,<br><br>    Petitioner,<br><br>    v.<br><br>WARDEN, Folsom State Prison,<br><br>    Respondent. | No. 2:14-cv-3007 KJN P<br><br>ORDER |

I. Introduction

    Petitioner is a state prisoner, proceeding without counsel and in forma pauperis. Petitioner filed an application for petition of writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner consented to proceed before the undersigned for all purposes. See 28 U.S.C. § 636(c). Respondent has not yet appeared in this action.[1] Pending before the court is petitioner's motion for stay and abeyance. Petitioner seeks a stay under Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), abrogated on other grounds by Robbins v. Carey, 481 F.3d 1143 (9th Cir. 2007), provided the statute of limitations period has not expired. As set forth below, petitioner's motion for stay under Kelly is denied without prejudice.

---

[1] On April 23, 2015, petitioner filed a notice that respondent had not opposed petitioner's motion. However, because respondent has not yet appeared in the action, respondent was not required to address petitioner's motion.

1

1  II. Legal Standards

2      On April 24, 1996, the Antiterrorism and Effective Death Penalty Act ("AEDPA") was

3  enacted. Section 2244(d)(1) of Title 8 of the United States Code provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Section 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2). Generally, this means that the statute of limitations is tolled during the time after a state habeas petition has been filed, but before a decision has been rendered. Nedds v. Calderon, 678 F.3d 777, 780 (9th Cir. 2012). However, "a California habeas petitioner who unreasonably delays in filing a state habeas petition is not entitled to the benefit of statutory tolling during the gap or interval preceding the filing." Id. at 781 (citing Carey v. Saffold, 536 U.S. 214, 225-27 (2002)). Furthermore, the AEDPA "statute of limitations is not tolled from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case 'pending' during that interval." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), overruled on other grounds by Carey, 536 U.S. at 214. Thus, "[t]he period between a California lower court's denial of review and the filing of an original petition in a higher court is tolled --

2

because it is part of a single round of habeas relief -- so long as the filing is timely under California law." Banjo v. Ayers, 614 F.3d 964, 968 (9th Cir. 2010).  However, when, as here, a petitioner has filed multiple state habeas petitions, "[o]nly the time period during which a round of habeas review is pending tolls the statute of limitation; periods between different rounds of collateral attack are not tolled."[2]  Banjo, 614 F.3d at 968 (citation omitted).

Generally, a gap of 30 to 60 days between state petitions is considered a "reasonable time" during which the statute of limitations is tolled, but six months is not reasonable.  Evans v. Chavis, 546 U.S. 189, 210 (2006) (using 30 to 60 days as general measurement for reasonableness based on other states' rules governing time to appeal to the state supreme court); Carey, 536 U.S. at 219 (same); Waldrip v. Hall, 548 F.3d 729, 731 (9th Cir. 2008) (finding that six months between successive filings was not a "reasonable time").

State habeas petitions filed after the one-year statute of limitations has expired do not revive the statute of limitations and have no tolling effect.  Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).

III. Chronology

For purposes of the statute of limitations analysis, the relevant chronology of this case is as follows:

1. Petitioner was convicted of grand theft auto, criminal threats, and assault with a deadly weapon.  On March 1, 2013, petitioner was sentenced to seven years, four months, in state prison.

---

[2] The Ninth Circuit has articulated a "two-part test to determine whether the period between the denial of one petition and the filing of a second petition should be tolled.  First, we ask whether the petitioner's subsequent petitions are limited to an elaboration of the facts relating to the claims in the first petition.  If the petitions are not related, then the subsequent petition constitutes a new round of collateral attack, and the time between them is not tolled.  If the successive petition was attempting to correct deficiencies of a prior petition, however, then the prisoner is still making "proper use of state court procedures," and habeas review is still pending.  Second, if the successive petition was not timely filed, the period between the petitions is not tolled." Banjo, 614 F.3d at 968-69 (citations and internal quotation marks omitted).  In Hemmerle v. Schriro, 495 F.3d 1069, 1075 (9th Cir. 2007), the Ninth Circuit explained that "[i]f the petition was denied on the merits, we will toll the time period between the two properly-filed petitions; if it was deemed untimely, we will not." Id. at 1075.

2. Petitioner filed an appeal, and on September 10, 2013, the California Court of Appeal, Third Appellate District, affirmed the conviction.  (ECF No. 1 at 2.)

3. Petitioner did not seek review in the California Supreme Court.

4. On July 7, 2014,[3] petitioner filed a petition for writ of habeas corpus in the Glenn County Superior Court, Case No. 14CV01329, which was denied on August 15, 2014.  (ECF No. 1 at 3.)

5. On September 5, 2014,[4] petitioner filed a petition for writ of habeas corpus in the California Court of Appeal, Third Appellate District.  (ECF No. 1 at 4.)  On September 11, 2014, the California Court of Appeal denied the appeal.

6. On September 18, 2014, petitioner filed a petition for writ of habeas corpus in the California Supreme Court.  (ECF No. 1 at 4.)  On November 25, 2014, the California Supreme Court denied the petition.  (ECF No. 1 at 5.)

7. On December 29, 2014, petitioner filed the instant federal petition.  See Rule 3(d) of the Federal Rules Governing Section 2254 Cases.

IV.  Statutory Tolling

On September 10, 2013, the California Court of Appeal for the Third Appellate District affirmed the conviction.  Petitioner did not seek review in the California Supreme Court.  Thus, the state appeal process became final within the meaning of section 2244(d)(1)(A) when the time for filing a petition for review expired on October 20, 2013, forty days after the California Court of Appeal filed its decision.  See Cal. Ct. R. 8.264(b)(1), 8.500(e); Waldrip, 548 F.3d at 735.  The one-year limitations period commenced running the following day.  Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001).  Thus, petitioner had until October 21, 2014, to file his federal habeas petition.

The statute of limitations period began to run on October 21, 2013, and the clock stopped on July 7, 2014, when petitioner filed his first petition for writ of habeas corpus in the Glenn

---

[3] Glenn County Superior Court provides online case information at www.glenncourt.ca.gov.

[4] The Judicial Branch of California provides online case information for the appellate courts and the California Supreme Court at http://appellatecases.courtinfo.ca.gov.

4

County Superior Court. Therefore, by July 7, 2014, 259 days of the limitation period had expired. The petition was denied on August 15, 2014, and the clock began to run again on August 16, 2014. Petitioner promptly and reasonably filed his subsequent state court petitions, so petitioner is entitled to statutory tolling from July 7, 2014, when he filed his first state court petition, through November 25, 2014, the date his petition in the California Supreme Court was denied. The limitations period began to run again on November 26, 2014. Petitioner filed the instant petition on December 29, 2014, 33 days later. Accordingly, by the date petitioner filed the instant petition, 292 days of the limitations period had expired.[5]

V. Kelly Stay

Under Kelly, a district court may stay a petition containing only exhausted claims while allowing the petitioner to proceed to state court to exhaust additional claims. King, 564 F.3d at 1135 (citing Kelly, 315 F.3d at 1070-71). Once the additional claims have been exhausted, the petitioner may amend his petition to add them to the original petition, provided, of course, the new claims are not time-barred (because a stay pursuant to Kelly does not toll the federal limitations period with respect to the unexhausted claims). King v. Ryan, 564 F.3d 1133, 1140-41 (9th Cir. 2009). A district court may also deny a request for a stay under Kelly if the new claims cannot be added to the existing habeas petition after they are exhausted in state court due to the time-bar. King, 564 F.3d at 1141. An amendment of a habeas petition relates back to the original filing date for statute of limitations purposes only if it shares a "common core of operative facts" with the original claim. Mayle v. Felix, 545 U.S. 644, 664 (2005). Thus, the Kelly procedure is "not only a more cumbersome procedure for petitioners, but also a riskier one." Kelly, 564 F.3d at 1140.

In his motion for stay, petitioner asks that the court grant his motion for stay under Kelly only if the statute of limitations runs from November 25, 2014, or December 31, 2014. (ECF No. 10 at 2-3.) However, as set forth above, the limitations period does not run from the dates suggested by petitioner, and any proposed new claims that do not relate back to petitioner's

---

[5] $259 + 33 = 292.$

5

1  original claims would now be time-barred.  The undersigned previously informed petitioner of the
2  requirements to file a motion under <u>Rhines v. Weber</u>, 544 U.S. 269 (1995), and petitioner did not
3  seek a stay under <u>Rhines</u>.  Thus, petitioner's motion for stay under <u>Kelly</u> is denied without
4  prejudice.  Respondent is directed to file a response to the petition within sixty days from the date
5  of this order, pursuant to the January 14, 2015 order.

6  X.  <u>Conclusion</u>

7      Accordingly, IT IS HEREBY ORDERED that:

8      1.  Petitioner's motion for stay (ECF No. 10) is denied without prejudice; and

9      2.  Respondent shall file a response to petitioner's habeas petition within sixty days from
10  the date of this order, pursuant to the January 14, 2015 order.

11  Dated:  May 7, 2015

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/corr3007.stayd

6